**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(MIAMI)**
Case No.: 1:23cv23653

SOPHIE MARTINEZ, an individual,

      Plaintiff,

vs.

JCRB INC, a Florida for profit corporation, and
JAN KARLO RUIZ ORTIZ, an individual,

      Defendants.

_____/

**COMPLAINT**

COMES NOW Plaintiff SOPHIE MARTINEZ ("PLAINTIFF" or "MARTINEZ"), by and through undersigned counsel, and files her Complaint against Defendants JCRB INC., a Florida limited liability Company ("JCRB"), and JAN KARLO RUIZ ORTIZ, an individual ("ORTIZ") (together, "Defendants") for unpaid regular wages, overtime wages, return of tips, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA"), and declaration of rights.

## I.      NATURE OF THE CASE

1.      Plaintiff was employed as a server and hostess at Defendants' restaurant Bistro Cafe in Miami-Dade, from approximately May 21, 2022, to January 25, 2023.

2.      Defendants suffered or permitted Plaintiff to work regular hours off the clock during the workweek but never paid Plaintiff at the statutory wage rate.

3.      Defendants suffered or permitted Plaintiff to work regular hours in excess of forty per workweek but never paid Plaintiff at the statutory overtime wage rate.

1

4. Defendants required Plaintiff to pay for walk-outs, food that customers decided they did not like, and breakage.

5. Defendants paid Plaintiff below the Florida statutory hourly rate for tipped employees when she worked as a server.

6. Defendants paid Plaintiff $10/hr. when she worked as a hostess but required her to clock out and to continue working.

7. For a portion of the time Defendants paid Plaintiff $10/hr. when she worked as a hostess, but the Florida minimum wage rate was $11/hr.

8. Defendants required Plaintiff to work in excess of 20 percent of her time cleaning the restaurant while being paid a sub-minimum wage.

9. Defendants required Plaintiff to work as the "to-go person" but paid her as a "tipped employee."

10. In the alternative, Defendants paid Plaintiff as the "to-go person" and allocated Plaintiff's tips as their own.

11. Plaintiff is seeking a return of her tips which were misallocated, regular wages, and overtime wages pursuant to federal law for the maximum three-year period preceding the filing of this Complaint.

## II.   JURISDICTION AND VENUE

12. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' restaurant homes is situated in this District; and because most, if not all, of the operational decisions, were made in this District.

13. This Court has original jurisdiction over Plaintiff's federal question claims.

2

### III.    **PARTIES**

14.     Plaintiff SOPHIE MARTINEZ is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. MARTINEZ was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

15.     Defendant JCRB INC. is a Florida limited liability company that owns and operates a restaurant called Bistro Café which is located at 1352 NE 1st Ave, Miami, FL 33132, where MARTINEZ worked, located in Miami-Dade Florida, and which is owned by Defendant JAN KARLO RUIZ ORTIZ.

16.     Defendant JAN KARLO RUIZ ORTIZ, an individual and *sui juris*, was the owner and manager of Bistro Cafe and employer of MARTINEZ. ORTIZ acted directly and indirectly in the interest of JCRB INC., managed Bistro Café, and had the power to direct employees' actions. ORTIZ had management responsibilities, a degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) employees at the companies' laundries in accordance with the FLSA, making Defendant ORTIZ an employer pursuant to 29 USC § 203(d).

### IV.    **COVERAGE**

17.     During all material times, Defendant JCRB INC. was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, because the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

3

18.     During all material times, Defendant JCRB INC. was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s), because it is an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution.

19.     During all times material, Plaintiff was entitled to individual coverage under the FLSA because she was engaged in commerce or engaged in the production of goods for commerce.

20.     During all material times, Defendant JCRB INC. was an employer as defined by 29 U.S.C. § 203(d).

21.     During all material times, Defendant ORTIZ was an employer as defined by 29 U.S.C. § 203(d).

22.     Defendants are joint employers under 29 C.F.R. 791.2(b)(3) because the Defendants are not completely disassociated with respect to the employment of Plaintiff, and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under the common control with the other employer.

23.     During all material times, the joint enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

24.     During all material times, the enterprise employed two or more people.

### V.     FACTUAL ALLEGATIONS

25.     During the relevant time period for this claim, Defendants have operated a restaurant named Bistro Cafe.

26.     MARTINEZ worked for Defendants from May 21, 2022, to January 25, 2023. As the maximum statutory time limit under the FLSA is three years, the FLSA Relevant Time Period

4

will cover the period of MARTINEZ's employment with Defendants from May 21, 2022, to January 25, 2023.

27.     MARTINEZ worked at Defendants' restaurant in Miami-Dade County.

28.     The applicable overtime wage rate as a server was one-and-a-half times MARTINEZ's Florida statutory minimum wage rate of pay, throughout the relevant time period.

29.     The Florida minimum wage rate was $10/hr. from 9/30/2021 – 9/29/2022 and $11/hr. from 9/30/2022 – 9/29/2023.

30.     The applicable overtime wage rate as a hostess was one-and-a-half times MARTINEZ's Florida statutory minimum wage rate of pay, throughout the relevant time period.

31.     Throughout her employment, Plaintiff regularly worked in excess of forty (40) hours per seven-day workweek.

32.     Defendants knew or showed reckless disregard as to whether their policies concerning minimum and overtime wages were legal under the FLSA, thus they willfully engaged in practices that denied Plaintiff the applicable minimum and overtime wage.

33.     Defendants' acts and omissions that gave rise to this action were not in good faith reliance on relevant case law or statements or findings of the Department of Labor.

34.     Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I
## FAILURE TO PAY REGULAR WAGE COMPENSATION
## IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

35.     Plaintiff reincorporates and re-alleges paragraphs 1 through 34 as though set forth fully herein and further alleges as follows:

36.     Defendants employed Plaintiff during the statutory time period.

5

37.     Defendants willfully and intentionally suffered or permitted Plaintiff to work approximately five to ten (5 to 10) hours per workweek without paying the statutory wages due.

38.     Defendants owe Plaintiff her regular pay rate for all hours worked for which she was not paid by suffering or permitting Plaintiff to work hours without paying her the statutory wages due.

39.     Defendants suffered or permitted Plaintiff to regularly work hours over forty per workweek without paying her the Florida statutory wages due.

40.     As a direct and proximate result of the violations listed herein, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff SOPHIE MARTINEZ demands judgment in her favor and against Defendants JCRB INC. and JAN KARLO RUIZ ORTIZ, jointly and severally, as follows:

a)  Award to Plaintiff for payment of all hours suffered or permitted in excess of forty hours per week at the rate of one-and-a-half times her regular rate of pay;

b)  Award to Plaintiff liquidated damages equal to the payment of all hours worked in excess of forty hours per week at the rate of one-and-a-half times her regular rate of pay or, if liquidated damages are not awarded, then prejudgment interest;

c)  Award to Plaintiff reasonable attorney's fees and costs; and

d)  Award such other and further relief as this Court may deem just and proper.

## COUNT II
### FAILURE TO PAY OVERTIME WAGE COMPENSATION
### IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

41.     Plaintiff reincorporates and re-alleges paragraphs 1 through 34 as though set forth fully herein and further alleges as follows:

42.     Defendants employed Plaintiff during the statutory time period.

6

43.     Defendants suffered or permitted Plaintiff to regularly work hours in excess of forty per workweek.

44.     Defendants willfully and intentionally suffered or permitted Plaintiff to work hours in excess of forty hours per workweek without paying the statutory overtime wages due.

45.     By suffering or permitting Plaintiff to work overtime hours without paying her the statutory overtime wages due, Defendants owe Plaintiff one-and-one-half time her regular rate of pay for all hours worked in excess of forty per workweek, or in the alternative if Plaintiff was paid the regular rate of pay, the half-time rate.

46.     As a direct and proximate result of the violations listed herein, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff SOPHIE MARTINEZ demands judgment in her favor and against Defendants JCRB INC. and JAN KARLO RUIZ ORTIZ, jointly and severally, as follows:

e)  Award to Plaintiff for payment of all hours suffered or permitted in excess of forty hours per week at the rate of one-and-a-half times her regular rate of pay;

f)  Award to Plaintiff liquidated damages equal to the payment of all hours worked in excess of forty hours per week at the rate of one-and-a-half times her statutory regular rate of pay or, if liquidated damages are not awarded, then prejudgment interest;

g)  Or, in the alternative, if Plaintiff was paid the regular rate of pay, the half-time rate for all overtime hours worked but not paid;

h)  Award to Plaintiff reasonable attorney's fees and costs; and

i)  Award such other and further relief as this Court may deem just and proper.

7

## COUNT III
## RECOVERY OF TIPS PURSUANT TO 29 U.S.C. § 201, *et seq*

47.     Plaintiff reincorporates and re-alleges paragraphs 1 through 34 as though set forth fully herein and further alleges as follows:

48.     During a portion of her workweek, Defendants employed Plaintiff as a tipped employee.

49.     Defendants willfully and intentionally required Plaintiff to share her tips with her employer(s) in a kick-back scheme.

50.     Defendants willfully and intentionally required Plaintiff to pay $20/wk. for incidentals associated with her employment.

51.     Defendants willfully and intentionally required Plaintiff to pay for walk-outs.

52.     Defendants willfully and intentionally required Plaintiff to pay for food ordered but returned by the guest.

53.     As a direct and proximate result of the violations listed herein, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff SOPHIE MARTINEZ demands judgment in her favor and against Defendants JCRB INC. and JAN KARLO RUIZ ORTIZ, jointly and severally, as follows:

j)   Award to Plaintiff, a return of the tips, misallocated as alleged;

k)   Award to Plaintiff liquidated damages equal to the payment of the tips misallocated, and if liquidated damages are not awarded, then prejudgment interest;

l)   Award to Plaintiff reasonable attorney's fees and costs; and

m)  Award such other and further relief as this Court may deem just and proper.

8

## COUNT IV
## DECLARATION OF RIGHTS

54.     Plaintiff reincorporates and re-alleges paragraphs 1 through 28 as though set forth fully herein, and further alleges as follows:

55.     Plaintiff and Defendants have a pending dispute under the FLSA, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331.  The Court also has jurisdiction over Plaintiff's request for a declaration of rights pursuant to 29 U.S.C. §§ 2201, 2202.

56.     Defendants did not rely on a good faith defense under the FLSA in suffering or permitting  Plaintiff to work hours for which she was not paid, or for which she was paid at the wrong hourly rate.

57.     A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue.

58.     The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiff from Defendants, now and in the future.

WHEREFORE, Plaintiff SOPHIE MARTINEZ demands judgment in her favor and against Defendants JCRB INC. and JAN KARLO RUIZ ORTIZ, jointly and severally, as follows:

a)  Issue declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the FLSA;

b)  Enjoin Defendants from further violations of the FLSA;

c)  Award Plaintiff reasonable attorney's fees and costs;

d)  Award such other and further relief as this Court may deem just and proper.

9

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted on September 25, 2023.

By:   **s/Lowell J. Kuvin**
Lowell J. Kuvin, Esq.
Florida Bar No. 53072
lowell@kuvin.law
legal@kuvin.law
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808